IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-03035-BO

KAYIE SHAUNE WRIGHT,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )            ORDER
                                    )
GRANVILLE CORRECTIONAL              )
INSTITUTION, et al.,                )
                                    )
            Defendants.             )
                                    )

Kayie Shaune Wright ("plaintiff"), a state inmate, filed this civil rights action, pro se, pursuant to 42 U.S.C. § 1983. The matter now is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). The matter also is before the court on plaintiff's motion to appoint counsel (DE 4), motion for copies (DE 8), and motion for injunctive relief (DE 9).

The court begins with plaintiff's motion requesting the appointment of counsel. After the court's initial review is complete, North Carolina Prisoner Legal Services ("NCPLS") will review the case pursuant to Standing Order 21-SO-11 to determine whether it is able to accept an appointment to conduct discovery on the plaintiff's behalf. Because NCPLS has not yet conducted its review, plaintiff's motion to appoint counsel is DENIED as PREMATURE.

The court next conducts its initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). The court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Pro se complaints are entitled

to a more liberal treatment than pleadings drafted by lawyers. See White v. White, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. Denton v. Hernandez, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke , 490 U.S. at 327.

Plaintiff names as defendants the Granville Correctional Institution, Isaac Rogers ("Rogers"), James Williams ("Williams"), Eldridge Walker ("Walker"), Charles Cooper ("Cooper"), Mr. McCray ("McCray"), Kaneda Gethers ("Gethers"), Nurse Jane Doe, Nurse John Doe, Sergeant Jefferson ("Jefferson"), Sergeant Cooper ("Cooper"), Captain Smith ("Smith"), Sergeant May ("May"), Ms. Lochan ("Lochan"), Sangria C. Duncan ("Duncan"), Nurse John Doe 1-2, Nurse Mason-Wright ("Mason-Wright"), Lee Stephen Coles ("Coles"), Nurse Andrews ("Andrews"), Mr. Johnson ("Johnson"), Ms. Pedro ("Pedro"), Mr. Brooks ("Brooks"), Mr. Miller ("Miller"), Ms. McEachin ("McEachin"), Ms. Alvez ("Alvez"), and Ms. Durham ("Durham"). Plaintiff alleges a litany of claims against these defendants.

To the extent plaintiff names the Granville Correctional Institution as a defendant, claims filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, No. 99-6950, 2000 WL 20591, *1 (4th Cir. 2000). The Granville Correctional Institution is not a person, and is not a proper party to a § 1983 action. Therefore, the Granville Correctional Institution is DISMISSED from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, additionally, makes several allegations against various defendants in connection with their participation in the North Carolina Department of Adult Correction's ("DAC") administrative remedy process. Prisoners, however, do not have any constitutional right or due

2

process interest in a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("*Adams* establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example."). Thus, plaintiff's claims related to any defendant's participation in the administrative remedy process are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

As for the remainder of plaintiff's complaint, his allegations are voluminous and he discusses a series of separate incidents— many of which do not appear to be related. To fairly put defendants on notice of plaintiff's claims, the court directs plaintiff to file one amended complaint. Plaintiff's amended complaint must meet the requirements of notice pleading. See Fed. R. Civ. P. 8(a). In particular, plaintiff must be mindful of Rule 8's requirement that his pleading contain a short and plain statement of the claim. See id. Plaintiff must name the specific defendant(s) responsible for his claims and give the named defendant(s) fair notice of his claims and the factual basis upon which the claim(s) rest. Plaintiff must also connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. The court, additionally, notifies plaintiff that his amended complaint will be considered his complaint in its entirety, and the court will not review plaintiff's other filings to glean any misplaced claims.

Plaintiff also is cautioned that he may not bring unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent inmates from avoiding the fee payment or three-strikes provisions in the Prison

3

Litigation Reform Act). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); see also, Coward v. Clarke, No. 7:20cv00702, 2022 WL 971987, at *5 (W.D. Va. Mar. 30, 2022); Patterson v. Smith, No. 1:20cv202, 2021 WL 933860, at *1, n. 2 (E.D. Va. Mar. 11, 2021); Jackson v. Olsen, No. 3:09CV43, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010). The court will review plaintiff's new amended complaint to determine whether severance of any claim is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2).

The court next turns to plaintiff's motion for injunctive relief. Plaintiff requests a court order directing the DAC to separate defendants from plaintiff or to transfer plaintiff to another facility to prevent defendants from retaliating against him. The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff has failed to demonstrate that he likely is to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Notably, an inmate has no constitutional right to choose his place of incarceration. See Meachum v. Fano, 427 U.S. 215, 225 (1976); see also, Johnson v. Ozmint, 456 F. Supp. 2d 688, 695 (D.S.C. 2006) ("Courts in the Fourth Circuit have long recognized that the Constitution confers no protected liberty interest upon inmates from being placed in a particular prison[.]") (citing Ajaj v. Smith, 108 F. App'x 743, 744 (4th Cir. 2004) (per curiam)). Further, the public

4

interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, 566 U.S. 318, 328 (2012). Accordingly, plaintiff has not demonstrated that his requests for injunctive relief are in the public interest, and the balance of equities is in favor of defendants. Thus, plaintiff's motion for injunctive relief is DENIED.

Finally, the court addresses plaintiff's motion or copies. The court grants plaintiff's motion to the extent he requests a copy of his complaint. Should plaintiff request copies of other court filings, the Clerk of Court will provide such copies for a fee of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule). Plaintiff may submit his request for copies directly to the clerk of court and pay the required fee.

In summary, plaintiff's motion for copies (DE 8) is GRANTED as set forth above, and the Clerk of Court is DIRECTED to send plaintiff a copy of his complaint. Plaintiff's motion to appoint counsel (DE 4) is DENIED as PREMATURE and his motion for injunctive relief (DE 9) is DENIED. The Granville Correction Institution is DISMISSED and the Clerk of Court is DIRECTED to terminate this defendant. Any claims related to any defendant's participation in the administrative remedy procedure are DISMISSED. Plaintiff is DIRECTED to file one amended complaint as forth above within 21 days of this court's order. Plaintiff's amended complaint must be submitted on the proper form and the Clerk is DIRECTED to send plaintiff the form for filing a civil rights action. Failure to respond to the court's order within the time period

5

provided will result in dismissal of this action without prejudice for failure to prosecute.

SO ORDERED, this the _11_ day of May, 2026

TERRENCE W. BOYLE
United States District Judge

6