IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-03035-BO

KAYIE SHAUNE WRIGHT,          )
                              )
              Plaintiff,      )
                              )
       v.                     )          ORDER
                              )
ISAAC ROGERS, et al.,         )
                              )
              Defendants.     )

Kayie Shaune Wright ("plaintiff"), a state inmate, filed this civil rights action, pro se, pursuant to 42 U.S.C. § 1983. On May 12, 2026, the court conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the Granville Correctional Institution as a defendant and dismissed any claims related to any defendant's participation in the administrative remedy process. The court, additionally, directed plaintiff to file one amended complaint. See ((DE 10), pp. 3-4). The matter now is before the court on plaintiff's pleading captioned "Notice of Objection to order (DE 10)" (DE 11).

The court construes plaintiff's objection to its May 12, 2026 order as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final

Case 5:26-ct-03035-BO    Document 12    Filed 06/03/26    Page 1 of 3

judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Plaintiff seeks reconsideration of the court's dismissal of his claims related to any defendant's participation in the administrative remedy process. The law is clear that "inmates have no constitutional entitlement or due process interest to a grievance procedure." Booker v. South Carolina Dept. of Corr., 855 F.3d 533, 541 (4th Cir. 2017); see also, Holston v. Stirling, No. 9:25-cv-04796-MHC, 2026 WL 941182, at n.7 (D.S.C. Jan. 15, 2026) ("Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action."), adopting RR, 2026 WL 940770 (D.S.C. Apr. 7, 2026). Accordingly, the court properly dismissed this claim and plaintiff's motion for reconsideration (DE 11) is DENIED. Plaintiff, however, may later raise these issues in response to any dispositive motion filed by defendants raising the affirmative defense of failure to exhaust administrative remedies.

In summary, plaintiff's motion for reconsideration (DE 11) is DENIED. In an abundance of caution, the court ALLOWS plaintiff an additional fourteen days from the date of this order to

2

file his amended complaint in accordance with the instructions set forth in its May 12, 2026, order. The Clerk of Court is DIRECTED to send plaintiff a copy of the court's May 12, 2026, order. Failure to comply with any aspect of the court's May 12, 2026 order will result in dismissal of this action without prejudice for failure to prosecute.

SO ORDERED, this the __3__ day of June, 2026

TERRENCE W. BOYLE
United States District Judge